IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE:  TLI COMMUNICATIONS LLC PATENT LITIGATION | ) ) ) ) ) ) ) |
| This document relates to ALL member cases | |

MDL No. 1:14md2534

## ORDER

The matter is before the Court on a Motion to Stay Pending *Inter Partes* Review (Doc. 3). The motion to stay was originally filed by defendants Facebook, Inc. and Instagram, LLC, but was thereafter joined in by all other defendants in this MDL action.  The motion was fully briefed and oral argument was heard in the course of a July 25, 2014 hearing.  By Order of even date, the motion to stay was taken under advisement pending further submissions by the parties, to be filed by August 1, 2014.  *In re: TLI Communications LLC Patent Litigation*, No. 1:14md2534 (E.D. Va. July 25, 2014) (Order).  Specifically, plaintiff was directed to file a pleading identifying the specific patent claims asserted against each named defendant, and the parties were also directed to file supplemental briefs addressing the effect of the Federal Circuit's recent decision in *VirtualAgility Inc. v. Salesforce.com, Inc.* on the pending motion to stay. There, the Federal Circuit reversed the district court's denial of defendants' motion to stay a patent litigation pending the Patent and Trademark Office's (PTO) post-grant review of plaintiff's asserted patent claims pursuant to the Transitional Program for Covered Business Method Patents (CBM).  *See id.*, No. 2014-1232, 2014 WL 3360806 (Fed. Cir. July 10, 2014).

The parties filed their supplemental pleadings on August 1, 2014, as directed in the July 25, 2014 Order, and the motion to stay is thus ripe for disposition.  Additionally, on August 5,

2014, plaintiff filed a motion for leave to file a response to defendants' supplemental brief, together with a copy of its proposed response in this regard. Although plaintiff's August 5, 2014 response was not authorized, it will nonetheless be permitted to be filed as a matter of grace; the response has thus been fully reviewed and considered in connection with the instant analysis.[1]

District courts generally consider three main factors when resolving a motion to stay a patent litigation pending an invalidity challenge before the PTO, namely (i) the stage of the litigation, including whether discovery is complete and a trial date is scheduled, (ii) whether a stay would simplify the matters at issue, and (iii) whether a stay would unduly prejudice or clearly disadvantage the non-moving party. *See, e.g., NTP, Inc. v. T-Mobile USA, Inc.*, 2007 WL 3254796, at *2 (E.D. Va. Nov. 2, 2007).

In this case, defendants' supplemental brief correctly points out that *VirtualAgility* is pertinent to the instant matter even though that case involved CBM review by the PTO, rather than *inter partes* review (IPR), as involved here. Defendants also correctly note that the Federal Circuit made clear in *VirtualAgility* that the early stage of a proceeding is a factor that strongly favors a stay, for the obvious reason that a stay at the early stage of a lawsuit has the potential of saving a significant amount of time and effort by all parties involved through a simplification of the issues presented. Plaintiff, on the other hand, correctly points out that the PTO has not yet decided whether to institute an IPR proceeding concerning the patent in issue, and that the PTO is not required to do so until early October. Plaintiff goes on to argue that no stay should be considered in this MDL proceeding until that preliminary decision is made by the PTO. Yet, the problem with that argument is that the pace of discovery and other events in this Court would

---

[1] Plaintiff notes that its short response was submitted "solely to address certain factually incorrect arguments raised in Facebook's Supplemental Briefing regarding *VirtualAgility v. Salesforce*." Doc. 42-1, at p.1. No additional case citations were included in plaintiff's 2-page response and nothing set forth in the response alters the final stay analysis in any respect.

require a great deal of activity between now and October, some of which may be rendered unnecessary if IPR is granted by the PTO and the issues are later simplified.[2]   Thus, in the circumstances presented here, and given the very early stage of this proceeding, it makes sense to stay the instant MDL matter, at least pending the PTO's decision whether to initiate an IPR proceeding.

Another factor that weighs heavily in favor of a stay is the fact that an IPR, if initiated by the PTO, may eventually simplify, or indeed eliminate, some of the significant legal issues involved in this MDL proceeding.   Moreover, statements made in the course of an IPR proceeding concerning the patent in issue may also add to the patent's prosecution history, which would assist this Court's claim construction analysis.

Finally, the imposition of a stay will not unfairly prejudice plaintiff in this case.   Rather, as defendants correctly point out, plaintiff is a non-producing entity that does not compete directly with any of the defendants.   Plaintiff thus has no reasonable basis for requesting or recovering anything other than monetary damages in this case, which, of course, can be determined regardless of any delay attributable to a stay.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that the Motion to Stay Pending *Inter Partes* Review (Doc. 3), filed by defendants Facebook, Inc. and Instagram, LLC and joined in by all defendants, is **GRANTED**.

Accordingly, it is further **ORDERED** that this MDL proceeding, as well as all of the individual member cases, are hereby **STAYED** until further Order of the Court.

---

[2]  The *Freeny* case, cited by plaintiff in its supplemental brief, is distinguishable from the instant case on this ground, namely, in light of the fast pace of the discovery and claim construction schedule previously set in this matter, and not present in *Freeny*.  *Freeny v. Apple Inc.*, No. 2:13cv361, 2014 WL 3611948, *1 (E.D. Tex. July 22, 2014).

It is further **ORDERED** that the parties are **DIRECTED** to advise the Court promptly, by filing an appropriate pleading, once the PTO decides whether to institute an IPR proceeding in response to the petition filed by defendants Facebook and Instagram. In this regard, in the event the PTO declines to institute an IPR proceeding, a prompt order will be issued in this MDL matter lifting the stay and setting a revised prompt schedule for resolution of threshold motions, discovery, and claim construction.

The Clerk is directed to send a copy of this Order to all counsel of record and to place this MDL matter, as well as all of the individual member cases, among the inactive causes.

Alexandria, Virginia
August 11, 2014

/s/

T. S. Ellis, III
United States District Judge

4